## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| RD LEGAL FUNDING PARTNERS, LP and RD LEGAL FUNDING, LLC,<br><br>                          Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>                          Defendant. | Civil Action No.  2:19-cv-21646-JMV-JAD<br><br>Hon. John Michael Vazquez<br><br><br>MOTION DAY:  February 18, 2020<br><br>**ORAL ARGUMENT REQUESTED** |

---

### BRIEF OF PLAINTIFFS RD LEGAL FUNDING PARTNERS, LP AND RD LEGAL FUNDING, LLC IN SUPPORT OF THEIR MOTION TO REMAND

---

**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726

*Attorneys for Plaintiffs*
RD Legal Funding Partners, LP and
RD Legal Funding, LLC

On the Brief:
    Jennifer Suh
    Terence Healy (to be admitted *pro hac vice*)
    Kenneth M. Katz (to be admitted *pro hac vice*)

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................1

ARGUMENT ...........................................................................................1

CONCLUSION ........................................................................................5

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## Cases

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir. 1992) ......................................2

*Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990)....................................2

*Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) ..................................................2, 3

*Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 US 546 (2005)........................2

*Hayden Asset VI, LLC v. Silvio Desouza, LLC*, No. 2:13–03915, 2014
    WL 1056498 (D.N.J. Feb. 25, 2014) ...................................................................4

*Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F3d 495 (3d Cir. 2014) ..................2

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015).........................3

*New Jersey Prop.-Liab. Ins. Guar. Assn. v. Specialty Risk Services,
    LLC*, No. 15-06565, 2016 WL 8674611 (D.N.J. July 8, 2016).......................3, 4

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978).............................2, 3

*Phillips, Inc. v. Glob. Prod. Dev. Services, LLC*, No. CIV 09-1644
    (WHW), 2009 WL 1973852 (D.N.J. July 7, 2009) ..............................................3

*Stephens v. Gentilello*, 853 F. Supp. 2d 462 (D.N.J. 2012)......................................2

*Uriarte v. Outback Steakhouse*, No. CIV 11–897, 2011 WL 4020953
    (D.N.J. Sept. 8, 2011) ...........................................................................................3

*Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3d Cir. 2010) ..................1, 3

## Statutes and Rules

28 U.S.C. § 1332.........................................................................................................2

28 U.S.C. § 1332(a)(1)................................................................................................2

28 U.S.C. § 1447.........................................................................................................1

28 U.S.C. § 1447(c) ....................................................................................................1

Plaintiffs RD Legal Funding Partners, LP (the "Fund") and RD Legal Funding, LLC ("RDLF") submit this brief pursuant to 28 U.S.C. § 1447 in support of their motion to remand this matter to the Superior County of New Jersey, Essex County Law Division.

## PRELIMINARY STATEMENT

Defendant Chicago Title Insurance Company ("Chicago Title") filed a Notice of Removal (ECF No. 1) alleging that jurisdiction existed in this Court based on diversity of citizenship. Chicago Title, a citizen of Florida, has asserted no other basis for federal jurisdiction.

The Fund is a limited partnership formed under the laws of Delaware. In determining the citizenship of a limited partnership, one must look to the citizenship of *each* limited partner. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Here, at least one limited partner of the Fund is a citizen of Florida, thus defeating complete diversity of citizenship in this action. Accordingly, the Court should grant Plaintiffs' motion and remand this matter to the Superior Court of New Jersey.

## ARGUMENT

Pursuant to 28 U.S.C. § 1447(c), a party may move to remand a removed case when the district court lacks jurisdiction. "[T]he removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Boyer v.*

*Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal citations omitted); *accord Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *see also Stephens v. Gentilello*, 853 F. Supp. 2d 462, 466 (D.N.J. 2012) ("In light of the presumption in favor of remand, district courts should remand close or doubtful cases to the state courts from which they were removed."). The removing party bears the burden of showing that the district court has jurisdiction over the removed case. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F3d 495, 500 (3d Cir. 2014).

Chicago Title asserts diversity jurisdiction as the sole basis for the Court's subject-matter jurisdiction. (Notice of Removal ¶ 6.) However, complete diversity among the parties does not exist here. Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Supreme Court has repeatedly interpreted this statute to require "complete diversity" of citizenship. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 US 546, 546 (2005); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State

2

from *each* plaintiff." *Owen Equip.*, 437 U.S. at 373 (emphasis in original); *accord Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419.

The state of incorporation and principal place of business of a partnership or other unincorporated associations are "irrelevant" for the purpose of diversity jurisdiction. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *see also Phillips, Inc. v. Glob. Prod. Dev. Services, LLC*, No. CIV 09-1644 (WHW), 2009 WL 1973852, at *2 (D.N.J. July 7, 2009) (citizenship of limited liability company not based on the company's state of formation or principal place of business).

The citizenship of an unincorporated association – including a limited partnership such as the Fund – "is determined by the citizenship of each of its partners or members." *Zambelli*, 592 F.3d at 420; *accord Carden*, 494 U.S. at 185 (holding that a limited partnership has the citizenship of each of its partners); *Uriarte v. Outback Steakhouse*, No. CIV 11–897 (JLL), 2011 WL 4020953, at *3-*4 (D.N.J. Sept. 8, 2011) (remanding case to state court after finding that complete diversity did not exist between all of the partners of the limited partnership and the other parties); *New Jersey Prop.-Liab. Ins. Guar. Assn. v. Specialty Risk Services, LLC*, No. 15-06565(ES) (MAH), 2016 WL 8674611, at *3 (D.N.J. July 8, 2016) (finding no diversity of citizenship where one of the members of the limited liability company was a citizen of the same state as the plaintiff).

Here, there is no dispute that Chicago Title is a citizen of the State of Florida. (Notice of Removal ¶ 3.) In its Notice of Removal, Chicago Title correctly states that the Fund is a Delaware limited partnership with a principal place of business in the State of New Jersey.[1] (*Id.* ¶ 1.) But those facts are irrelevant. Chicago Title did not – and cannot – allege that it is diverse from each of the partners of the Fund. In fact, its Notice of Removal is silent as to the citizenship of the members or partners of the Fund or RDLF. For this reason alone, the Court should grant this motion. *See Hayden Asset VI, LLC v. Silvio Desouza, LLC*, No. 2:13–03915 (ES) (JAD), 2014 WL 1056498, at *4 (D.N.J. Feb. 25, 2014) (granting motion to remand for lack of diversity jurisdiction where the defendants failed to identify the citizenship of the LLC members); *New Jersey Prop.-Liab. Ins. Guar. Assn.*, 2016 WL 8674611, at *2 (finding notice of removal deficient where the defendants failed to address citizenship of the LLC members).

In any event, both Chicago Title and at least one of the partners of the Fund are citizens of the State of Florida. (Decl. of Phillip H. Kwon, dated January 17, 2020, ¶ 3, submitted herewith.) Thus, there is not complete diversity of the parties and removal was improper.

---

1. Similarly, there is no dispute that RDLF is a New Jersey limited liability company with a principal place of business in New Jersey. (Notice of Removal ¶ 2.)

## <u>CONCLUSION</u>

As set forth above, Defendant Chicago Title has failed to establish any basis for the Court's jurisdiction.  Accordingly, the Court should grant this motion and remand this case to the Superior Court of New Jersey, Essex County Law Division.

**HUGHES HUBBARD & REED LLP**

By: _/s Jennifer Suh_
Jennifer Suh
Terence Healy (to be admitted *pro hac vice*)
Kenneth M. Katz (to be admitted *pro hac vice*)

*Attorneys for Plaintiffs*
RD Legal Funding Partners, LP and
RD Legal Funding, LLC

Dated: January 17, 2020