# EXHIBIT A

Case 2:19-cv-21646-JMV-JAD   Document 5-3   Filed 01/17/20   Page 2 of 5 PageID: 59

Phillips, Inc. v. Global Product Development Services, LLC, Not Reported in F.Supp.2d...

2009 WL 1973852
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, D. New Jersey.

Lindsay PHILLIPS, INC. d/b/
a Switchflops by Lindsay Phillips and
f/k/a LuLu Design, Inc., Plaintiff,
v.
GLOBAL PRODUCT DEVELOPMENT SERVICES,
LLC, Maggiez, LLC, the Wolf Company Southeast,
LLC a/k/a Wolf & Co., Stephanie Wolf, Walter Wolf,
Les Hughbanks, and Kris Arutunian, Defendants.

Civ. No. 09–1644 (WHW).
|
July 7, 2009.

**Attorneys and Law Firms**

Robert W. Ray, Esq., Pryor Cashman LLP, New York, NY, Stewart M. Leviss, Esq., Berkowitz Lichtstein, Kuritsky, Giasullo & Gross, LLC, West Orange, NJ, for Plaintiff Lindsay Phillips, Inc. d/b/a SwitchFlops by Lindsay Phillips and f/k/a LuLu Design, Inc.

Gregg D. Trautmann, Esq., Trautmann & Associates, LLC, Rocakway, NJ, for Defendants Global Product Development Services, LLC, The Wolf Company Southeast, LLC a/k/a Wolf & Co., Stephanie Wolf, Walter Wolf, Les Hughbanks, Kris Arutunian.

Christopher J. Dalton, Esq., Buchanan Ingersoll & Rooney PC, Newark, NJ, for Defendant Maggiez, LLC.

**OPINION**

WALLS, Senior District Judge.

*1 Plaintiff Lindsay Phillips, Inc. d/b/a SwitchFlops by Lindsay Phillips and f/k/a LuLu Design, Inc. ("Plaintiff" or "Switchflops, Inc.") filed this action arising from the marketing of a product known as "Switchflops" in New Jersey Superior Court against defendants Global Product Development Services, LLC ("GPDS"), Maggiez, LLC ("Maggiez"), The Wolf Company Southeast, LLC, a/k/a Wolf & Co. ("Wolf Co."), Stephanie Wolf, Walter Wolf, Les Hughbanks, and Kris Arutunian. Defendants GPDS, Wolf Co., Stephanie and Walter Wolf timely removed the case to this Court.

Switchflops, Inc. now moves to remand this action to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c) on the ground that there is no diversity between plaintiff and defendants. Pursuant to Fed.R.Civ.P. 78(b), this motion is decided without oral argument. The Court grants the motion to remand.

**FACTS AND PROCEDURAL BACKGROUND**

On March 23, 2009, plaintiff Switchflops, Inc. brought suit in the Superior Court of New Jersey alleging (1) breach of fiduciary duty against GPDS, Stephanie Wolf, Walter Wolf, Mr. Hughbanks, and Ms. Arutunian; (2) breach of the covenant of good faith and fair dealing against GPDS; (3) trade libel and product disparagement against all defendants; and (4) tortious interference with business relations against all defendants. (Pl.'s Compl. ¶¶ 74–109.) Plaintiff Switchflops, Inc. is a Florida corporation with a principal place of business in the state of New Jersey. (Id. ¶ 2.) The company creates, designs, manufactures and distributes a type of sandals known as "Switchflops." (Id. ¶ 1.) Plaintiff alleges that GPDS, while under two separate contracts with Switchflops, Inc. to provide manufacturing, sales and marketing services, began manufacturing, selling and marketing a product known as "Maggiez," a substantially similar product as Switchflops. (Id.)

Defendant GPDS is a Georgia limited liability company with a principal place of business in the state of Georgia. (Id. ¶ 3.) Defendant Maggiez is a Florida limited liability company, (id. ¶ 4), whose sole managing member, Joel Rabin, is a Florida citizen and resident. (Maggiez's Mem. in Supp. of Mot. to Dismiss, 2–3.) Defendant Wolf Co. is a Georgia limited liability company with a principal place of business in the state of Georgia. (Pl.'s Compl. ¶ 5.) Defendant Stephanie Wolf, an owner of Wolf Co. and the Managing Partner and an owner of GPDS, is an individual domiciled in the state of Georgia. (Id. ¶ 6.) Defendant Walter Wolf, an owner of GPDS and Wolf Co., is and individual domiciled in the state of Georgia. (Id. ¶ 7.) Defendant Les Hughbanks, an owner of GPDS, is an individual domiciled in the state of Florida. (Id. ¶ 8.) Defendant Kris Arutunian, an owner of GPDS, is an individual domiciled in the state of Tennessee. (Id. ¶ 9.)

On April 8, 2009, defendants GPDS, Wolf Co, Stephanie Wolf, and Walter Wolf removed this suit to this Court

Case 2:19-cv-21646-JMV-JAD   Document 5-3   Filed 01/17/20   Page 3 of 5 PageID: 60

Phillips, Inc. v. Global Product Development Services, LLC, Not Reported in F.Supp.2d...

on the ground that defendants Maggiez, Hughbanks, and Arutunian [1] have been improperly and fraudulently joined in an effort to defeat diversity jurisdiction. (Defs.' Notice of Removal ¶¶ 14–16.)

**\*2** On April 29, 2009, defendants GPDS, Wolf Co., Stephanie Wolf, Walter Wolf, Hughbanks, and Arutunian moved to dismiss this suit for lack of personal jurisdiction and failure to state a claim upon which relief may be granted. (Defs.' Mot. to Dismiss, 3–18.) Defendant Maggiez also moved to dismiss on the same grounds on May 5, 2009. (Maggiez's Mot. to Dismiss.)

Plaintiff Switchflops, Inc. now moves to remand this action back to the Superior Court of New Jersey, pursuant to 28 U.S.C. § 1447(c) on the ground that there is no diversity between plaintiff and defendants. (Pl.'s Br. at 1.) Plaintiff argues that defendants improperly removed this action from state court in violation of the requirements of 28 U.S.C. § 1332 and requests an award of all attorney's fees, costs, and expenses incurred by it as a result of defendants' improper removal. (*Id.*)

## STANDARD OF REVIEW

28 U.S.C. § 1447(c) mandates that "if at any time before final judgment it appears that a case is removed [from state court] improvidently and without jurisdiction, the district court shall remand the case." *Id.; see also Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987) (citing *Adorno Enter. v. Federated Dep't Stores,* 629 F.Supp. 1565 (D.R.I.1986)). "The removal statutes," [28 U.S.C. §§ 1441– 53], "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990) (citing *Steel Valley,* 809 F.2d at 1010); *see also Entrekin v. Fisher Scientific Inc.,* 146 F.Supp.2d 594, 604 (D.N.J.2001). A party seeking to remove bears the burden of proving that it has met the requirements for removal. *See Boyer,* 913 F.2d at 111. In deciding whether an action should be remanded to the state court from which it was removed, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed. *See Steel Valley,* 809 F.2d at 1010 (citation omitted).

## DISCUSSION
### 1. Motion to Remand

District courts have original jurisdiction over matters in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000. [2] *See* 28 U.S.C. § 1332(a). "[A] corporation shall be deemed to be a citizen of any [s]tate by which it has been incorporated and of the [s]tate where it has its principal place of business." *Id.* § 1332(c)(1). Because Switchflops, Inc. is a corporation organized under the laws of the state of Florida and its principal place of business is in the state of New Jersey, plaintiff is a citizen of both Florida and New Jersey. In contrast, "[l]imited liability companies are ... deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal place of business." *Golf Bros., LLC v. Saker,* No. 09–2133, 2009 U.S. Dist. LEXIS 48745, at \*2, 2009 WL 1622787 (D.N.J. June 10, 2009) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–97, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). Because Joel Rabin, the sole managing member of Maggiez, is a Florida citizen and resident, defendant Maggiez is deemed to be a citizen of Florida. Defendant Hughbanks is also a citizen of Florida. (Pl.'s Compl. ¶ 8.) Because plaintiff and defendants Maggiez and Hughbanks are citizens of Florida, there is no complete diversity between the parties and removal was ostensibly improper.

**\*3** In resisting remand, defendants argue that Maggiez and Hughbanks have been improperly and fraudulently joined in this matter in an effort to defeat diversity jurisdiction. (Defs.' Notice of Removal ¶ 16.) "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.' " *Boyer,* 913 F.2d at 111 (citing *Steel Valley,* 809 F.2d at 1010, 1012 n. 6). Joinder is fraudulent only "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[s], or no real intention in good faith to prosecute the action against the defendant[s] or seek a joint judgment." *Id.* (quoting *Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 32 (3d Cir.1985)).

As example, in *Ingemi v. Pelino & Lentz,* defendants removed a legal malpractice case to this District, claiming that one of the defendants, a law firm that represented plaintiffs, was fraudulently joined and that its citizenship should be

Case 2:19-cv-21646-JMV-JAD Document 5-3 Filed 01/17/20 Page 4 of 5 PageID: 61

Phillips, Inc. v. Global Product Development Services, LLC, Not Reported in F.Supp.2d...

disregarded in determining diversity and removal jurisdiction. *See* 866 F.Supp. 156, 158–59 (D.N.J.1994). In that case, the court held that it "may not make substantive determinations regarding the ... defendants' [sic] liability in the context of evaluating pleadings to determine subject matter jurisdiction." *Id.* at 160. Rather, its "jurisdictional inquiry concerning remand is limited and should not be a de facto decision on the merits of plaintiff's claim when plaintiff presents a viable claim." *Id.* (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851–52 (3d Cir.1992)). Because the facts of the case suggested that defendant Pelino & Lentz actively represented the plaintiff, the court held that "at least for the purpose of remand, [Pelino & Lentz was] a proper defendant." *See id.* at 160. In addition, the court noted that because defendants had not produced actual evidence that plaintiff improperly joined Pelino & Lentz, their argument regarding fraudulent joinder was "ill-defined and ... fail[ed]." *See id.* at 161. The court granted plaintiff's motion to remand the case to the Superior Court of New Jersey. *See id.* at 163.

Similarly, defendants here argue that Hughbanks and Maggiez, Florida citizens, are dispensable for the purposes of considering diversity of citizenship because they were fraudulently joined. (Defs.' Notice of Removal ¶¶ 14, 16.) As in *Ingemi,* "if there is even a possibility that a state court would find that [Switchflops, Inc.'s] complaint states a cause of action against ... [either of the non-diverse] defendants, the federal court must find that joinder was proper and remand the case to state court ." *See Ingemi,* 866 F.Supp. at 160 (quoting *Boyer,* 913 F.2d at 111). Based on Switchflops, Inc.'s allegations, it is possible that a state court would find that plaintiff's complaint states a cause of action against defendants Maggiez, Hughbanks, or both. First, the complaint alleges that Hughbanks, as one of GPDS's owners, breached his fiduciary duty to Switchflops, Inc. by using confidential and proprietary information to plan and then actually develop, manufacture, market, and sell a directly competitive product. (Pl.'s Compl. ¶¶ 76–86.) The complaint also alleges that both Hughbanks and Maggiez made false and disparaging statements about Switchflops, Inc. and its products, which caused irreparable harm to the plaintiff's business. (*Id.* ¶¶ 97, 100.) Furthermore, it alleges that both Hughbanks and Maggiez maliciously sought to induce Switchflops, Inc.'s customers and retailers to cease doing business with plaintiff and to instead do business with Maggiez. (*Id.* ¶¶ 105–

06.) These allegations indicate that Maggiez and Hughbanks are proper defendants for purposes of remand. Moreover, defendants have not put forth any evidence that Switchflops, Inc. improperly joined Hughbanks or Maggiez—saying so does not make it so. Because it is possible for a state court to find that Switchflops, Inc.'s complaint states a cause of action against either Hughbanks or Maggiez, the Court finds that their joinder was proper and that the removal was improper.

**2. Costs and Attorney Fees**

**\*4** Plaintiff also requests that this Court exercise its discretion under 28 U.S.C. § 1447(c) to award Switchflops, Inc. its attorney's fees and costs relating to this motion to remand. (Pls.' Br., 19–20 .)

28 U.S.C.S. § 1447(c) provides that a district court's order remanding a removed case to state court *may* require payments of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Id.* (emphasis added). "The standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 204 (2005). "[A]bsent unusual circumstances, courts may award attorney's fees ... only when the removing party lacked an objectively reasonable basis for seeking removal." *Id.* In *Martin,* the Supreme Court affirmed the Tenth Circuit's finding that defendant's basis for removal was objectively reasonable since the defendant, in removing the case based on diversity jurisdiction, relied on case law only subsequently held to be unsound. *See id.* at 135, 141. The Court thus affirmed the Circuit's denial of attorney fees. *See id.* In contrast, "[a] district court will generally exercise its discretion to impose such costs where a well-plead complaint raises the issue of non-removability." *Ingemi,* 866 F.Supp. at 163 (citing *Bearoff v. DeMedio,* 1994 U.S. Dist. LEXIS 4046, \*7 (E.D. Pa. April 6, 1994)). In *Ingemi,* the court awarded plaintiff costs and reasonable attorney fees relating to the motion to remand because it was "clear from the face of the complaint that plaintiff asserted a claim against non-diverse defendants" and "[a]ny attorney reviewing the complaint was on notice that this claim, if colorable, defeated federal court jurisdiction." *Ingemi,* 866 F.Supp. at 163.

Here, plaintiff's complaint raised the issue of non-removability by demonstrating that there was a lack of complete diversity, as required by 28 U.S.C. § 1332.

Case 2:19-cv-21646-JMV-JAD   Document 5-3   Filed 01/17/20   Page 5 of 5 PageID: 62

Phillips, Inc. v. Global Product Development Services, LLC, Not Reported in F.Supp.2d...

Defendants' notice of removal and opposition to remand did nothing to undermine the non-removability of this action. The Court awards costs and reasonable attorney fees relating to the motion to remand. Plaintiff shall submit an affidavit establishing its attorney's fees and costs in accordance with [Local Civil Rule 54.2](#).

**CONCLUSION**

For the foregoing reasons, the Court grants the motion to remand this case to the Superior Court of New Jersey and awards Switchflops, Inc. costs and reasonable attorney fees relating to the motion for remand.

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 1973852

Footnotes

1  The Court will not address the propriety of Arutunian's joinder because as a Tennessee citizen, her presence in this suit does not destroy diversity.

2  The parties do not dispute that the amount in controversy requirement has been met.

**End of Document**   © 2020 Thomson Reuters. No claim to original U.S. Government Works.